[Civ. No. 1122. First Appellate District.—February 5, 1913.]

## C. E. KINARD, Respondent, v. JAMES W. WARD et al., Appellants.

MINING CORPORATION — REMOVAL OF DIRECTORS — FAILURE TO POST MONTHLY BALANCE SHEET.—ACTUAL DAMAGE NEED NOT BE ALLEGED. A complaint in an action by a stockholder in a mining corporation for the removal of its directors for their failure and refusal to post the monthly balance sheets, as required by sections 588 and 590 of the Civil Code, need not allege that the plaintiff has suffered any actual damage by reason of such failure and refusal.

ID.—PLEADING TIME OF DEFAULT—DIRECTORS CONTINUING IN OFFICE AFTER EXPIRATION OF TERM.—Under a complaint in such action alleging that the defendants "as a board of directors have failed and refused to cause to be made for any month, or at any time, or at all, an itemized statement of account or balance sheet, or any statement of account as required by law" the time of default is not limited to the original term for which the defendants were elected as directors, and they may be removed after its expiration for a default occuring while they continued in office as *de facto* directors.

ID.—DIRECTORS HOLDING OVER SUBJECT TO STATUTORY LIABILITY FOR FAILURE OF DUTY.—The directors of a corporation who hold over must perform the duties enjoined by law with the same fidelity as regularly elected officers, and they are likewise subject to the same statutory liability for any failure of duty occurring during the term for which they may be holding over.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Crittenden Thornton, and Nowlin & Fassett, for Appellants.

C. E. Kinard, *in pro. per.*, for Respondent.

LENNON, P. J.—The plaintiff in this action, as a stockholder in the Socrates Consolidated Mining Company, Incorporated, sought and secured a judgment, removing the defendants as directors of the corporation for the alleged violation of the provisions of section 588 of the Civil Code.

That section declares it to be the duty of the directors of every corporation, foreign or domestic, formed for the purpose of mining in California, to cause to be made on the second Monday of each and every month "an itemized account or balance sheet for the previous month, embracing a full and complete statement of all disbursements and receipts, showing from what sources such receipts were derived, and to whom and for what object or purposes such disbursements or payments were made; also all indebtedness or liabilities incurred or existing at the time, and for what the same were incurred, and the balance of money, if any, on hand. Such account or balance sheet must be verified under oath by the president and secretary and posted in some conspicuous place in the office of the company."

Section 590 of the same code provides: "If the directors fail to have the reports and accounts current made and posted as required by section five hundred and eighty-eight they are liable, either severally or jointly, to an action by a stockholder complaining thereof, and on proof of such refusal or failure, he may recover judgment for actual damages sustained by him with costs of suit. Each of the defaulting directors is also liable to removal for such neglect."

The plaintiff's complaint, among other things, alleges that the defendants were at all times since the year 1909 the directors of the Socrates Consolidated Mining Company; that the defendants as such directors have failed and refused to cause to be made and posted in the office of the company, as required by the code sections previously quoted, an itemized account and balance sheet for any month or for any time at all during the period of their incumbency as directors. Plaintiff's prayer for relief was primarily for the removal of the defendants from office as directors of the mining company.

Without denying or attempting to deny any of the allegations of plaintiff's complaint the defendants answered merely that they and " . . . were chosen to be the directors of said company at the regular annual meeting of said company . . . held in the city and county of San Francisco on the 21st day of September, 1909; that such election was for one year, and that the same expired on the 21st day of September, 1910. Wherefore these defendants and each of them say that neither

they nor any of them have been such directors under said election since the 21st day of September, 1910.''

Upon these pleadings the case was tried, and from the evidence which was offered and received upon the trial the lower court made its findings of fact substantially in accord with the material allegations of the complaint, from which was deduced the conclusion of law that the plaintiff was entitled to a judgment of ouster against each and all of the defendants. Judgment was entered accordingly, from which the defendants have appealed upon the judgment-roll alone.

The defendants insist that the complaint does not state a cause of action in this, that it is not alleged therein that the plaintiff suffered any actual damage by the failure and refusal of the defendants to make and post the current accounts of the corporation as required by section 588 of the Civil Code. This contention is based upon the assumption that section 590 of the Civil Code, which provides the penalty for the failure here complained of, contemplates that the removal of the directors of a mining company cannot be decreed for such neglect unless, in addition thereto, it be alleged that the plaintiff has suffered actual damage by reason thereof.

No authority has been cited to us in support of this construction of the statute; and inasmuch as the direct language of the statute is plainly repugnant to the contention of the defendants the point need not be further discussed.

The defendants further contend for a reversal of the judgment upon the assumption that the plaintiff's complaint charges that the default of the defendants occurred during the year for which they were first elected as directors of the mining company. With this assumption as a basis, the defendants argue that they can be rightfully removed from office only for the term during which the default complained of occurred; and that inasmuch as that particular term had expired before the action was commenced the complaint does not and cannot be made to state a cause of action.

There would be much force in this contention if the assumption upon which it is founded were correct. That this assumption is erroneous is manifest even from a casual reading of the plaintiff's complaint, which expressly alleges that the defendants ''as a board of directors . . . have failed and refused to cause to be made for any month or at any time or at all an

itemized statement of account or balance sheet or any statement of account . . . as required by law.''

While this allegation of the complaint might have been assailed upon demurrer for uncertainty, it cannot be fairly said, as counsel for the defendants contends, that it limits the occurrence of the defendants' default to a time within the term for which they were first elected as directors.

The directors of a corporation must be elected annually (Civ. Code, sec. 303) ; and, as a matter of law, once elected they continue in office until they resign or until their successors have been elected and qualified. While it does not affirmatively appear either from the allegations of the plaintiff's complaint or from the trial court's findings of fact that the defendants were regularly or otherwise elected as directors of the mining company upon the expiration of the year for which they were originally elected, nevertheless the answer of the defendants makes it clear that they continued in office, after their elective term had expired, as *de facto* directors, and therefore it may be said to be an admitted fact in the case that the defendants were, during all of the time specified in the plaintiff's complaint, either *de jure* or *de facto* directors.

The directors of a corporation who hold over must perform the duties enjoined by law with the same fidelity as regularly elected officers, and they are likewise subject to the same statutory liability for any failure of duty occurring during the term for which they may be holding over. (2 Cook on Corporations, 624.) In the absence of a bill of exceptions or a statement of the case, it must be assumed that the evidence adduced upon the trial supports the findings of fact as made by the trial court. Moreover, the answer of the defendants does not purport or pretend to deny the allegations of the plaintiff's complaint, and therefore those allegations must be deemed to be admitted.

The findings of fact are in accord generally with the admitted allegations of the plaintiff's complaint and the admitted facts of the defendants' answer, all of which support the findings of the trial court, and they in turn support the judgment.

The judgment appealed from is therefore affirmed.

Murphey, J., *pro tem.*, and Hall, J., concurred.